To prove the fraud, the Solicitor-General offered as a witness for the plaintiff a collector of arrearages, appointed under the Act of 1793, to collect moneys due from the delinquents to the State, and who is thereby allowed 8 per cent upon the amount of cash and certificates by him paid into the treasury.
The case of Dixon et al. v. Cooper, in support of the admissibility of the witness, was cited from 3 Wilson, where it is determined that a factor who sold for the plaintiff and was entitled to one shilling in the pound, was a competent witness to prove the contract of sale.
The rule of law is that, unless the witness be interested in the event of the suit, he shall be admitted; except in those cases *Page 100 
which, upon their own circumstances, have been differently established by solemn decisions.
This witness is directly interested in the event of the suit, since his commissions must be measured by the amount of the recovery against the defendant, which, therefore, he is concerned to enhance. The case cited from Wilson is an exception to the general rule arising from necessity and the usage of trade; the factor is concerned both for the vendor and vendee, and his testimony may be resorted to by both parties, in case of any dispute. He is an agent by whom alone the sale can be proved; but the collector is not necessarily acquainted with the (103) fraud, much less is he exclusively so, since other witnesses have already spoken to it.
NOTE. — But it is no objection to the competency of a witness that he is attorney for the plaintiff, and intends, if the debt sued for be recovered, to charge a commission for receiving and remitting the money.Slocumb v. Newby, 5 N.C. 423. See, also, Norwood v. Marrow, 20 N.C. 578.